IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-00070-FL

| | | |
|---|---|---|
| QUANCIDINE HINSON-GRIBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, KATHERINE ARCHELETA, in her former capacity as Director of the United States Office of Personnel Management, DONNA SEYMOUR, in her capacity as Chief Information Officer of the United States Office of Personnel Management, ARMY COMMUNITY SERVICES, SURVIVORS OUTREACH SERVICES, CHARLOTTE WATSON, AMY MELENDEZ, JOANIE L. HAMMONS, DAVID E. MCDERMOTT, in his capacity as Deputy Director for Operations of Defense Finance Accounting Services, JIM SZATKOWSKI, in his capacity as Congressional Team Lead of Defense Finance Accounting Services, CYNTHIA VIRRUETA, in her capacity as Chief of the Beneficiary Services Branch of the Department of Defense's Manpower Data Center, JOHN W. ELLERBE, in his capacity as DA Project Manager of the United States Army Project Office, JIM KLEMOWSKI, ETHEL KNOCK, in her capacity as ID Card Supervisor at the Fort Bragg ID Card Facility, JEFFREY M. SANBORN, in his capacity as Colonel of the United States Army Installation Command, and KAY HAGAN, in her former capacity as Senator, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b),United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss in part plaintiff's claims and allow certain claims asserted under the Privacy Act of 1974, 5 U.S.C. § 552a, to proceed.[1] Plaintiff timely filed objections to the M&R, accompanied by several supporting documents. (DE 53). In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R.

## BACKGROUND

Plaintiff initiated this action by filing a motion for leave to proceed in forma pauperis ("IFP") on February 11, 2016, accompanied by proposed complaint. Plaintiff asserts claims against defendants for violations of the Federal Information Security Management Act, 44 U.S.C. § 3541 et seq. ("FISMA"), as amended by the Federal Information Security Modernization Act fo 2014, Pub. L. No. 113–283, 40 U.S.C. § 11331, and the Privacy Act of 1974, 5 U.S.C. § 552(a) (the "Privacy Act"), which all arise from defendants involvement in her alleged identity theft and the subsequent concealment thereof. Plaintiff seeks compensatory damages, reinstatement of her survivor's benefits and certain other medical benefits, issuance of a new government identification card, and trial by jury. The court incorporates herein the background description of the case set forth

---

[1] Specifically, the M&R recommends allowing plaintiff's Privacy Act claims asserted against defendants the United States Office of Personnel Management ("OPM"), the Survivor's Outreach Services (the "Outreach Center"), the Department of Defense's Manpower Data Center ("DMDC"), the United States Army Project Office ("APO"), and the Fort Bragg ID Card Facility ("ID Card Facility") to proceed.

in the M&R. (DE 52 at 2-5).

On July 11, 2017, the magistrate judge granted plaintiff's IFP petition and issued an M&R, recommending dismissal of all claims asserted under FISMA and 40 U.S.C. § 1131 for lack of subject matter jurisdiction. With respect to plaintiff's Privacy Act claims, the magistrate judge recommends dismissal of all such claims against the individual defendants and all claims against the agency defendants, which seek to challenge the substantive decisions made with respect to the various benefits at issue, for lack of subject matter jurisdiction. The magistrate judge also recommends dismissing all remaining Privacy Act claims aginst defendants United States Army Installation Command ("Installation Command") and Defense Finance and Accounting Services ("DFAS"). The magistrate judge recommends allowing plaintiff's remaining Privacy Act claims against defendant OPM, the Outreach Center, the DMDC, the APO, and the ID Card Facility to proceed. Plaintiff filed objections to the M&R on July 26, 2017, challenging the magistrate judge's determinations concerning its dismissal recommendations.

## DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

3

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Plaintiff objects primarily to the M&R's recommendation that her claims against the individual defendants, the Installation Command, and the DFAS be dismissed. As set out in the M&R, the court lacks jurisdiction over plaintiff's claims for violation of FISMA and 40 U.S.C. § 11331, where such laws do not provide for a private right of action. The court also lacks jurisdiction over plaintiff's Privacy Act claims against the individual defendants and certain Privacy Act claims against the agency

4

defendants for lack of subject matter jurisdiction.[2] To the extent any claims remain against defendants Installation Command and DFAS, the magistrate judge properly concludes that such claims should be dismissed for failure to state a claim.

Although plaintiff's objections include new factual material, her objections are general and reiterate her grievances with various parties. (See e.g., DE 53, p. 1) ("The plaintiff has sent in countless documents to prove . . . Privacy Act [v]iolations against the [d]efendants."). Importantly, plaintiff's objections do not expressly dispute the magistrate judge's conclusions regarding subject matter jurisdiction. Although plaintiff's objections include new factual material, they repeat her prior arguments. (See DE 51). Furthermore, the additional facts asserted in plaintiff's objections are insufficient to cure defects in her Privacy Act claims against defendants Installation Command and DFAS.

Upon de novo review of the M&R and the record in this case, the court adopts the determinations of the M&R regarding claims against these parties as its own. Pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's FISMA and 40 U.S.C. § 11331 claims, as well as certain Privacy Act claims must be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R, the court ADOPTS the M&R in full. The court DISMISSES plaintiff's FISMA and 40 U.S.C. § 11331 claims. The court also DISMISSES plaintiff's Privacy Act claims against the individual defendants, the

---

[2] Specifically, as set forth in the M&R, the Privacy Act does not provide a vehicle for plaintiffs to challenge substantive decisions made by an agency. See e.g., Melvin v. U.S. Dep't of Veterans Affairs, 70 F. Supp. 3d 350, 357 (D.D.C. Sept., 30, 2014). Accordingly, to the extent plaintiff asserts claims under the Privacy Act to obtain relief from substantive decisions made with respect to various benefits she argues are due to her, such claims are dismissed for lack of subject matter jurisdiction.

Installation Command, the DFAS, and the agency defendants, to the extent such claims against the agency defendants seek to challenge substantive decisions made by those agencies. The court ALLOWS plaintiff's remaining Privacy Act claims against defendants OPM, the Outreach Center, the DMDC, the APO, and the ID Card Facility to proceed.

    SO ORDERED, this the 7th day of September, 2017.

                                                      LOUISE W. FLANAGAN
                                                      United States District Judge