IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-00070-FL

| | | |
|---|---|---|
| QUANCIDINE HINSON-GRIBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| PERSONNEL MANAGEMENT, and | ) | |
| SURVIVORS OUTREACH SERVICES,[1] | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before on defendants' motion to dismiss for insufficient service of process (DE 86). Also pending before the court are plaintiff's motions for entry of default. (DE 79, 82, and 83). In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court grants defendants' motion to dismiss and denies plaintiff's motions for entry of default.

## BACKGROUND

The court incorporates herein the background description of the case set forth in the court's prior orders, supplemented as follows. (DE 52 at 2-5 and DE 54). Plaintiff initiated this action by filing a motion for leave to proceed in forma pauperis ("IFP") on February 11, 2016, accompanied by proposed complaint. Plaintiff asserts claims against defendants for violations of the Federal

---

[1] The court hereby constructively amends the case caption to reflect dismissal of Katherine Archeleta ("Archeleta"), Donna Seymour ("Seymour"), Charlotte Watson ("Watson"), Amy Melendez ("Melendez"), Cynthia Virrueta ("Virrueta"), John Ellerbe ("Ellerbe"), Jim Klemowski ("Klemowski") and Ethel Knock ("Knock") as defendants in this action. (See DE 54). The Army Community Service, Joanie Hammons ("Hammons"), David McDermott ("McDermott"), Jim Szatkowski ("Szatkowski"), Jeffrey Sanborn ("Sanborn"), and Kay Hagan ("Hagan") have already been terminated as parties to this action.

Information Security Management Act, 44 U.S.C. § 3541 et seq. ("FISMA"), as amended by the Federal Information Security Modernization Act fo 2014, Pub. L. No. 113–283, 40 U.S.C. § 11331, and the Privacy Act of 1974, 5 U.S.C. § 552(a) (the "Privacy Act").  Plaintiff's claims all arise from defendants' involvement in her alleged identity theft and the subsequent concealment thereof. Plaintiff seeks compensatory damages, reinstatement of her survivor's benefits and certain other medical benefits, issuance of a new government identification card, and trial by jury.

On July 11, 2017, the magistrate judge granted plaintiff's IFP petition and issued an M&R, recommending dismissal of all claims asserted under FISMA and 40 U.S.C. § 1131 for lack of subject matter jurisdiction.  With respect to plaintiff's Privacy Act claims, the magistrate judge recommended dismissal of all such claims against the individual defendants and all claims against the agency defendants, which seek to challenge the substantive decisions made with respect to the various benefits at issue, for lack of subject matter jurisdiction.  The magistrate judge also recommended dismissing all remaining Privacy Act claims aginst defendants United States Army Installation Command ("Installation Command") and Defense Finance and Accounting Services ("DFAS").  The magistrate judge recommended allowing plaintiff's remaining Privacy Act claims against defendant United States Office of Personnel Management ("OPM"), the Survivor's Outreach Center ("Outreach Center"), the Department of Defense Manpower Data Center ("DMDC"), the United States Attorney Project Office ("APO"), and the Fort Bragg ID Card Facility ("ID Card Facility") to proceed.

On September 8, 2017, and over plaintiff's objections, the court entered an order adopting the M&R in full.  Therein, the court dismissed plaintiff's FISMA and 40 U.S.C. § 11331 claims. The court also dismissed plaintiff's Privacy Act claims against the individual defendants, the

Installation Command, the DFAS, and the agency defendants, to the extent such claims against the agency defendants sought to challenge substantive decisions made by the agencies. The court allowed plaintiff's remaining Privacy Act claims against the OPM, the Outreach Center, the DMDC, the APO, and the ID Card Facility to proceed. Thereafter, summons were issued and plaintiff's complaint was filed on the docket. (DE 56).

On October 24, 2017, plaintiff filed a letter seeking entry of default against defendants McDermott, Seymour, and Archeleta, which the court construes as a motion for entry of default. (DE 79).[2] On November 6, 2017, plaintiff filed a motion for entry of default against defendants Melendez, Knock, Watson, Klemowski, Virrueta, Szatkowski, Hammons, Ellerbe, Hagan, and Sanborn. (DE 82). On November 16, 2017, plaintiff filed a motion for entry of default against the United States Office of Personnel Management, the Survivor's Outreach Center, and the Army Community Service. (DE 83).

On March 9, 2018, defendants filed jointly, by and through the United States Attorney for the Eastern District of North Carolina, the instant motion to dismiss, together with a memorandum in support thereof. Plaintiff filed response in opposition to defendants' motion to dismiss on March 14, 2018. Therein, plaintiff requests that the court enter default and deny defendants' motion to dismiss.

## DISCUSSION

A. Standard of Review

   1.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(5) challenges the

---

[2] Plaintiff filed a duplicate letter on October 27, 2017. (See DE 80).

sufficiency of service of process. "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process has been properly served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

    2.    Motion for Entry of Default

Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). It is "axiomatic," however, that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant. Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). This is because a defendant's duty to respond to a complaint only arises upon proper service of process. See Fed. R. Civ. P. 12(a). Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered. Except where service is made by a United States marshal or deputy marshal, proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(*l*)(1).

B.    Analysis

    1.    Motion to Dismiss (DE 86)

Under Rule 4 of the Federal Rules of Civil Procedure, "[a] summons must be served with

a copy of the complaint." Fed. R. Civ. P. 4(c)(1).  The time limits set forth in Rule 4(m) require that plaintiff serve all defendants within 90 days after a complaint is filed.  Fed. R. Civ. P. 4(m).  "Unless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(*l*).  If plaintiff fails to effect service within this 90-day window, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice.  Id.  However, if plaintiff shows good cause for its failure to effect service, the court must extend time for service for an appropriate period.  Id.

Under Rule 4, service of process upon the United States is effective only after the plaintiff serves a copy of the summons and complaint upon 1) the United States Attorney's office of the district where the action is pending or the civil-process clerk for the United States attorney's office; 2) the Attorney General of the United States at Washington, D.C.; and 3) a nonparty agency or officer of the United States, if the action challenges an order of a nonparty agency or officer.  Fed. R. Civ. P. 4(i)(1).  In addition, "[t]o serve a United States agency . . . or a United States officer or employee sued only in a official capacity, [the plaintiff] must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, . . . officer, or employee."  Id. at 4(i)(2).  The United States then has 60 days following service of process to answer the complaint.  Fed. R. Civ. P. 12(a)(3).

Here, following frivolity review, a copy of plaintiff's complaint was filed September 8, 2017. (See DE 56).  Pursuant to Rule 4(m), plaintiff was required to effect service by December 7, 2018. As proof of service, plaintiff filed a "Process Receipt and Return" for each individually named defendant, as well as the OPM, the Survivors Outreach Service Center, and the Army Community

Services.[3] The Process Receipt and Returns indicate service of summons and complaint upon each of the aforementioned defendants by the United States Marshals Service ("Marshals Service").

While the Process Receipt and Returns suggest that plaintiff has expended some efforts to serve defendants through the Marshals Service, see Fed. R. Civ. P. (c), said documents do not establish that the United States Attorney's office of the Eastern District of North Carolina and the Attorney General of the United States at Washington, D.C. were also served with copy of summons and complaint. Where Rule 4(I) requires service of summons and complaint upon these individuals, the documents provided are insufficient to establish proof of service. Fed. R. Civ. P. 4(I).

Furthermore, to the extent plaintiff attempted to serve defendants OPM, Outreach Center, DMDC, APO, and the ID Card Facility through service upon Archeleta, in her former capacity as Director of the OPM, Seymour, in her capacity as Chief Information Officer of the OPM, Watson, in her capacity as employee of the Outreach Center, Melendez, in her capacity as employee of the Outreach Center, Virrueta, in her capacity as Chief of the Beneficiary Services Branch of the DMDC, Klemowski, in his capacity as employee of the APO, Ellerbe, in his capacity as DA Project Manager of the APO, and Knock in her capacity as ID Card Supervisor, such service attempts are also insufficient, where there is no evidence that plaintiff served the United States Attorney's office of the Eastern District of North Carolina and the Attorney General of the United States at Washington, D.C. with a copy of the summons and complaint in accordance with Rule 4(i).[4]

Despite the foregoing problems, plaintiff has produced some evidence of attempts to effect service of process as required by the rules. Accordingly, for good cause shown, plaintiff's deadline

---

[3] Although plaintiff expended some efforts to serve the individually named defendants, such service efforts are of no effect where the court previously dismissed all individual defendants. (See DE 54). The court also previously dismissed the Army Community Service as defendant. (Id.).

[4] The DMDC, APO, or the ID Card Facility are not named defendants in this action.

to effect service is extended to September 21, 2018. See Fed. R. Civ. P. 4(m). If deficiencies noted above persist at that time, the court will dismiss this action without prejudice for failure to serve.

2. Motions for Entry of Default (DE 79, DE 82, and DE 83)

In light of the foregoing, where service of process has not been effected properly against any named defendant, the court must deny plaintiff's motions for entry of default. See Scott v. Dist. of Columbia, 598 F.Supp.2d 30, 36 (D.D.C.2009) ("Default cannot be entered where there was insufficient service of process.").

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss (DE 86). For good cause shown, plaintiff's deadline to effect service is EXTENDED to September 21, 2018, and deadline for showing proof of service on the record shall be and is September 30, 2018. Plaintiff is NOTICED that failure to effect service properly within the appropriate time will result in dismissal of this action without prejudice for failure to serve, and the closing of this case. Where the court grants defendants' request, the court DENIES AS MOOT plaintiff's motions for entry of default (DE 79, DE 82, and DE 83).

SO ORDERED, this the 22nd day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge